## SUPREME COURT.

### In the matter of HENRIETTA HICKS' Will.

Where an appeal was taken from the decision of a surrogate, refusing to admit a will to probate; which decision was reversed by the circuit judge on a question of fact, and a feigned issue ordered: upon which issue the appellant obtained a verdict, without appearance by the respondent. And the respondent moved before a judge at chambers to set aside the verdict, on the ground that the appellant had died pending the appeal, and no revival had; which motion was denied. And on appeal to the general term, *held*, that the order must be affirmed, for the reason that the surrogate had exclusive jurisdiction of the matter. This court had the cause only to try the feigned issue. Also on the ground that the judge *at chambers* had no right to grant a motion in a cause pending at the time the code passed; nor in a case of a special statute proceeding like this.

*New York General Term, February*, 1850, *before* EDMONDS, *Presiding Justice;* EDWARDS *and* MITCHELL, *Justices.*—On an appeal from a decision by the surrogate of New York, refusing to admit a will to probate, the circuit judge reversed the decision on a question of fact, and ordered a feigned issue.

The cause being reached in its order on the calendar, and no one appearing for the respondent, a verdict was taken for the appellant.

The respondent afterwards moved before one of the judges at chambers, to set aside the verdict, on the ground that the appellant had died pending the appeal, and the case had not been revived. The motion was denied, and an appeal taken to the general term.

N. F. WARING, *for respondent.*

C. O'CONOR, *for appellant.*

By the Court, EDMONDS, Justice.—I fully concur with the justice at special term. This court has the case merely for the purpose of trying the feigned issue. For all other purposes it is in the surrogate's court, and to that it must ultimately go back for final determination, and there the question of revival or abatement properly belongs.

There is, however, another reason apparent on the face of the papers, why the order denying the motion must be affirmed. A judge, at chambers, had no right to grant the motion. The section of the code (§ 401,) authorizing motions to be heard at chambers, does not apply to suits existing at the time the code passed, nor to a special statute proceeding, as this is.

Order of special term affirmed with costs.